IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARY FRANCINE GODOUA                                    PLAINTIFF

v.                       CIVIL NO. 12-2074

MICHAEL J. ASTRUE[1], Commissioner
Social Security Administration                               DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Mary Francine Godoua, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.**     **Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on September 17, 2009, alleging an inability to work since February 2, 2009, due to multiple personalities, schizophrenia, depression and back problems. (Tr. 127, 134, 148). An administrative hearing was held on July 1, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 21-60).

---

[1]Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the Defendant in this suit.

Dr. Gayle Monnig, a psychologist, and Ms. Tanya Rutherford-Owen, a vocational expert, also testified at the hearing.

By written decision dated October 1, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 11). Specifically, the ALJ found Plaintiff had the following severe impairments: diabetes mellitus and a mood disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr.11). The ALJ found Plaintiff retained the residual functional capacity[2] (RFC) to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) in that the claimant is able to lift and carry 50 pounds occasionally and 25 pounds frequently. She is able to stand and walk for six hours during an eight-hour workday and stand and walk for six hours during an eight-hour workday. (Sic) The claimant cannot work at unprotected heights or near machinery. She is capable of understanding, remembering and carrying out detailed, but not complex, work and is able to deal appropriately with workplace peers, supervisors and occasional routine work changes. She is best employed working with things rather than people although she is able to work satisfactorily near one or two people. She is able to perform repetitive routine work.

(Tr. 13). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a cashier as performed in the national economy. (Tr. 15).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 12, 2012. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc.

---

[2]The Court notes that in the RFC finding, the ALJ included lifting and carrying weights for medium work, and not light work. The Court finds the weights listed in the RFC finding to be a typographical error, as the ALJ's opinion and questions to the vocational expert clearly show that the ALJ found Plaintiff was able to perform light work. Draper v. Barnhart, 425 F.3d 1127, 1130 (8th Cir.2005) (citations omitted)(a "deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency [has] no practical effect on the outcome of the case").

1). Both parties have filed appeal briefs, and this case is before the undersigned for report and recommendation. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Evidence Presented:**

At the time of the administrative hearing before the ALJ on July 1, 2010, Plaintiff was forty-four years of age, and her past relevant work consisted of work as a cashier and a short-order cook. (Tr. 34-36).

The medical evidence during the relevant time period reflects the following. On March 9, 2009, Plaintiff was seen for her routine evaluation and management of her diabetes. (Tr. 216). Plaintiff was noted to have lost five pounds. Plaintiff also reported that she had a new horse that she was nursing back to health. Plaintiff complained of an upset stomach and heart burn for the previous three weeks, noting that she had occasional vomiting and diarrhea. Plaintiff also reported that her right elbow felt more fatigued. Ms. Alia Walker, PAC, assessed Plaintiff with Type 2 Diabetes Mellitus, migraine headaches, depression, anxiety and lower back pain.

On May 24, 2009, Plaintiff complained of a sore throat and some hip pain. (Tr. 316). Plaintiff also reported a decrease in her back pain. Plaintiff was assessed with chronic low back pain, seasonal allergies, pharyngitis, and hip pain. Plaintiff was instructed to use Claritin or Zyrtec. Plaintiff was also prescribed Darvocet and Flexeril.

On June 12, 2009, Plaintiff was seen for an evaluation and management of her Diabetes Mellitus. (Tr. 212). Plaintiff complained of dysuria for two days, and right-sided pain for the past four days. Treatment notes indicated that Plaintiff refused to treat her diabetes with insulin.

On September 30, 2009, Plaintiff was seen at the Good Samaritan Clinic to establish care. (Tr. 251). Plaintiff reported that she had been diagnosed with Diabetes Mellitus in 2001, and that she previously took Metformin. Plaintiff indicated that she would not take insulin. Plaintiff complained of off and on fever and chills for the past two days. Plaintiff was diagnosed with uncontrolled Diabetes Mellitus.

On October 28, 2009, Plaintiff was seen at the Good Samaritan Clinic for a follow-up regrading her lab results. (Tr. 250). Treatment notes indicated that Plaintiff "absolutely refused" to take insulin despite counseling regarding the risk of amputation, blindness, or kidney failure. Dr. Brandi Guthrey opined that Plaintiff needed to be started on insulin, but that Plaintiff again refused.

On November 9, 2009, Plaintiff was seen at the Good Samaritan Clinic. (249). Plaintiff reported that she was taking her medication as prescribed. Plaintiff complained of left hip pain and migraines. Plaintiff reported that the Meloxicam did not alleviate her pain. Plaintiff was noted to have uncontrolled diabetes but refused insulin therapy. Plaintiff was to continue on her medications.

On November 18, 2009, Dr. Bill F. Payne, a non-examining medical consultant, opined that Plaintiff did not have a severe physical impairment. (Tr. 257).

On December 15, 2009, Plaintiff was seen at the Good Samaritan Clinic for flu-like symptoms. (Tr. 312). Plaintiff's blood sugar was noted as being elevated. Plaintiff reported that this was because she did not feel well, and that while she was taking her medication, she did not start eating properly until the previous day. Plaintiff was diagnosed with an upper respiratory infection and bronchitis.

### III.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

AO72A
(Rev. 8/82)

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

## IV. Discussion:

Plaintiff argues the following issues in this appeal: 1) the ALJ erred in determining Plaintiff's severe impairments. 2) the ALJ failed to develop the record as to Plaintiff's RFC; 3) the ALJ improperly discounted Plaintiff's subjective complaints; and 4) the ALJ failed to fully and fairly develop the record regarding Plaintiff's psychological impairments.

### A. Plaintiff's Impairments:

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C.F.R. § 404.1520(c). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The Step Two requirement is only a threshold test so the claimant's burden is minimal and does not require a showing that the impairment is disabling in nature. See Brown v. Yuckert, 482 U.S. 137, 153-54 (1987). The claimant,

however, has the burden of proof of showing she suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

Plaintiff argues that the ALJ improperly found Plaintiff's alleged chronic low back pain, depression, and anxiety to be non-severe impairments. While the ALJ did not find these alleged impairments to be severe, the ALJ specifically discussed these alleged impairments in the decision, and clearly stated that he considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. (Tr. 10, 13-15). See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir.2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity").

Furthermore, with regard to Plaintiff's alleged chronic low back pain, the medical evidence during the relevant time period shows Plaintiff complained of low back pain intermittently, and there was no objective evidence to indicate that Plaintiff had a low back impairment. The medical evidence revealed that in Plaintiff's most recent medical visit she did not complain of back pain. With regard to Plaintiff's depression and anxiety, the ALJ found Plaintiff had a severe mood impairment, and based on the evidence of record and the testimony of a non-examining psychologist, limited Plaintiff's RFC accordingly. Thus, the ALJ's not

finding that Plaintiff's alleged chronic low back pain, depression, and anxiety were severe impairments does not constitute reversible error.

**B.     The ALJ's RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In determining that Plaintiff maintained the RFC to perform light work with some limitations, the ALJ considered the medical assessments of the non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records. With regard to Plaintiff's alleged mental impairment, the ALJ called Dr. Gayle Monnig, a psychologist, to testify at the administrative hearing. After reviewing the record, Dr. Monnig testified that based on her review of the relevant evidence, Plaintiff would be able to perform simple, repetitive work. (Tr. 26-27). The Court finds, based upon the well-stated reasons outlined in the Defendant's brief,

that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision.  Therefore, the Court finds there is substantial evidence of record to support the ALJ's RFC findings for the relevant time period.

### C.   Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to:  (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.  With regard to Plaintiff's alleged diabetes, the ALJ noted that despite repeated attempts to start Plaintiff on insulin, Plaintiff refused to do so even though she was notified of the serious negative impact that decision would have on her health. Brown v. Barnhart, 390 F.3d 535, 540-541 (8th Cir. 2004)(citations omitted)("Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits"); 20 C.F.R. § 416.930(b).

AO72A
(Rev. 8/82)

Plaintiff's subjective complaints are also inconsistent with evidence regarding her daily activities. The record revealed that on March 9, 2009, Plaintiff reported that she had a new horse that she was nursing back to health. (Tr. 216). In October of 2009, Plaintiff reported that she was able to take care of her personal needs, prepare simple meals, perform household chores with breaks, shop, and watch television and talk with friends. (Tr. 172-179). Plaintiff testified at the administrative hearing on July 1, 2010, that she was able to do household chores, shop with her friend, help take care of the animals, lift a 24-pack of soda, watch television, read, and do needlework. (Tr. 29-32).

Therefore, although it is clear that Plaintiff suffers with some degree of pain, she has not established that she is unable to engage in any gainful activity. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability). Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**D.     Fully and Fairly Develop the Record:**

While an ALJ is required to develop the record fully and fairly, see Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is necessary for an informed decision), the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

**D.     Past Relevant Work:**

Plaintiff has the initial burden of proving that she suffers from a medically determinable impairment which precludes the performance of past work. Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991). Only after the claimant establishes that a disability precludes performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work. Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if she retains the RFC to perform:

> 1. The actual functional demands and job duties of a particular past relevant job; *or*
>
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. §§ 404.1520(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61).

The Court notes in this case the ALJ relied upon the testimony of a vocational expert, who testified that Plaintiff's past relevant work as a cashier is considered light, unskilled work as it is performed in the national economy. See Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work") (citations omitted). Accordingly, the ALJ properly concluded Plaintiff could perform her past relevant work as a cashier as it is performed in the national economy.

**IV.    Conclusion:**

Based on the foregoing, the Court recommends affirming the ALJ's decision, and dismissing Plaintiff's case with prejudice.  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of May, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE